IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

**FILED**

SEP 9 2002

ARLEN B. COYLA, CLERK

By_____ Deputy

GLORIA MARSH,
PLAINTIFF

VS.                                    CIVIL ACTION NO. 1:02CV324-D-D

OKTIBBEHA COUNTY SHERIFF DOLPH
BRYAN, INDIVIDUALLY AND IN HIS
OFFICIAL CAPACITY AS SHERIFF OF
OKTIBBEHA COUNTY, MISSISSIPPI AND
ROBERT ELMORE, ED BLASINGAME,
SAM GITCHELL, AND EDDIE YOUNG,
ALL INDIVIDUALLY AND IN THEIR OFFICIAL
CAPACITY AS DEPUTY SHERIFFS OF
OKTIBBEHA COUNTY, MISSISSIPPI AND
OKTIBBEHA COUNTY, MISSISSIPPI
AND THE JUSTICE COURT OF OKTIBBEHA
COUNTY, MISSISSIPPI

JURY TRIAL DEMANDED

---

## COMPLAINT

---

Comes now the Plaintiff, Gloria Marsh, and brings this action against the

Defendants, Dolph Bryan, individually and in his official capacity as Sheriff of

Oktibbeha County, Mississippi, and Robert Elmore, Ed Blasingame, Sam Gitchell, and

Eddie Young, all individually and also in their official capacity as deputy sheriffs of

Oktibbeha County, Mississippi, and Oktibbeha County, Mississippi and the Justice Court

of Oktibbeha County, Mississippi, and in support of this action would respectfully show

unto this Court the following facts, to-wit:

/

## PARTIES

1. The Plaintiff, Gloria Marsh, is an adult resident citizen of Oktibbeha County, Mississippi.

2. The Defendant, Dolph Bryan, is an adult resident citizen of Oktibbeha County, Mississippi, who may be served with process at his place of employment, 111 Washington Street, Starkville, Mississippi 39759.

3. The Defendant, Robert Elmore, is an adult resident citizen of Oktibbeha County, Mississippi, who may be served with process at his place of employment, 111 Washington Street, Starkville, Mississippi 39759.

4. The Defendant, Ed Blasingame, is an adult resident citizen of Oktibbeha County, Mississippi, who may be served with process at his place of employment, 111 Washington Street, Starkville, Mississippi 39759.

5. The Defendant, Sam Gitchell, is an adult resident citizen of Oktibbeha County, Mississippi, who may be served with process at his place of employment. 111 Washington Street, Starkville, Mississippi 39759.

6. The Defendant, Eddie Young, is an adult resident citizen of Oktibbeha County, Mississippi, who may be served with process at his place of employment, 111 Washington Street, Starkville, Mississippi 39759.

7. The Defendant, Justice Court of Oktibbeha County, may be served with process upon the Chancery Clerk of Oktibbeha County at 101 E. Main Street, Starkville, Mississippi 39759.

8. The Defendant, Oktibbeha County, Mississippi may be served with process

2

upon the President of the Board of Supervisors of Oktibbeha County at 101 E. Main St. Starkville, MS 39759.

## JURISDICTION AND VENUE

9. This action is brought pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1985, 42 U.S.C § 1988; the 1st, 4th, 5th, 8th and 14th Amendments to the United States Constitution, as well as corresponding sections of the Mississippi Constitution. Jurisdiction is founded upon 28 U.S.C. § 1331, § 1332 and § 1343 (1) (2) (3) (4) and the aforementioned statutory and constitutional provisions. Plaintiff invokes the pendent jurisdiction of this Court to hear and decide claims arising under State Law. The state law and common claims include but are not limited to assault (Miss. Code Ann. § 97-3-7); battery (Miss. Code Ann. § 97-3-7); obstruction of justice (Miss. Code Ann. § 97-9-55; sheriff to protect prisoners (Miss. Code Ann. § 19-25-69); and intentional and negligent infliction of emotional distress.

10. At all times relevant hereto all defendants herein acted under color of law and in their capacities and by the authorities granted to them as law enforcement officers for Oktibbeha County, Mississippi or as elected officials of Oktibbeha Co., Mississippi.

## FACTUAL SITUATION

11. Since on or about November, 2001, up to the present, the Plaintiff has been involved in a divorce proceeding. Just prior to the Plaintiff filing for divorce her 34-year-old daughter attacked her, and since that time the Plaintiff has had her homes trashed, her septic system on two homes purposefully destroyed, her jewelry and cash taken, and each time she reached out for help from the defendants herein she was viewed as crazy and her complaints against those who did wrong were delayed by the Justice

Court of Oktibbeha County, Mississippi for several months.

12. That Plaintiff, who was 54 years of age, has had to spend 30 days in jail for a misdemeanor in February 2002, and while held in the Oktibbeha County Jail, 3 female inmates sexually assaulted Plaintiff and the defendants knew or should have known of the assault and did nothing to stop the assault.

13. That any contact Plaintiff has had with defendants has been accompanied by ridicule or disbelief by said defendants.

14. That since November, 2001, Plaintiff has suffered when her hair was pulled from the center of her head and later in February 2002 she was attacked and suffered a hairline fracture to her skull and when she reported her cash and jewelry were taken the defendants said she had cash in her purse as though she lied when in fact she reported a great deal of cash stolen.

15. That throughout the Plaintiff's divorce ordeal she was accompanied by her aunt, a 67-year old retired Colonel in the U. S. Air Force. On or about 3 May 2002 the said aunt was attacked by the 34 year old daughter of Plaintiff and subsequently died 13 July 2002 with her arm still in a cast. The aunt had suffered from a terrible beating and even though the aunt filed a Complaint in the Justice Court of Oktibbeha County, Mississippi, no hearing was ever had in her lifetime and an in depth investigation by the Sheriff's department was never conducted.

16. That, when Plaintiff saw her daughter pulling away from Plaintiff's house and holding up Plaintiff's lock box, Plaintiff then went into the house and discovered the box and its contents of jewelry and cash missing. Plaintiff then went to the home of her daughter-which home is owned by Plaintiff and the daughter was asked to vacate the

4

home in December, 2001- and when she could not find her daughter, Plaintiff gathered up the daughter's costume jewelry and deposited it in the camp house where the husband of Plaintiff was living. Quickly a hearing in Justice Court on the daughter's Complaint was held and Plaintiff was indicted for burglary of a dwelling while no hearing in the daughter's taking was ever held.

17. In January 2002 Plaintiff's husband, daughter, and 32-year-old son testified in a secretly arranged lunacy hearing that their mother, the Plaintiff, was unstable, and the Court held there was no probable cause to believe that allegation.

18. The Plaintiff remains terrified to stay at her home in the County of Oktibbeha and instead stays at her deceased aunt's home in Starkville where she has been assured of police protection because defendants have failed to protect her.

19. The Plaintiff would show that she has been intimidated, assaulted, sexually assaulted, and mentally distressed and charged with offenses all due to the intentional and negligent infliction of emotional distress by the failure of the defendants to protect all citizens and, in particular, the Plaintiff.

CAUSE OF ACTION

20. As a direct and proximate result of the alleged failure of the Justice Court to conduct hearings in a timely manner and the inability or unlawful conduct of the Sheriff's office, the Plaintiff has suffered physical pain and suffering, deprivation of her constitutional rights, mental and emotional anguish and fear, and loss of property, all in violation of the Plaintiff's statutory and constitutional rights. The Plaintiff charges the defendants with excessive force and brutality, inadequate training and inadequate supervision.

## DAMAGES

21. The Plaintiff, as a result of the actions aforementioned, has suffered pain and suffering, psychological injuries including humiliation, fright and emotional trauma, as well as other damages to be shown at a trial in this cause of action.

22. That Plaintiff is entitled to punitive damages against the defendants due to wanton, willful, malicious, outrageous, unlawful and improper actions of the defendants Dolph Bryan, Ed Blasingame, Robert Elmore, Sam Gitchell, and Eddie Young.

23. Further, the Plaintiff has suffered compensatory damages due to the actions of the defendants, Oktibbeha County and the Justice Court of Oktibbeha County, Mississippi.

## PRAYER FOR RELIEF

WHEREFORE, GLORIA MARSH, PLAINTIFF, RESPECTFULLY PRAYS FOR THE FOLLOWING RELIEF:

A. Compensatory damages of, from and against the Defendants, each and severally, in an amount to be determined by this Court.

B. Punitive damages of, from and against the defendants Dolph Bryan, Ed Blasingame, Robert Elmore, Sam Gitchell, and Eddie Young, in an amount to be determined by this Court.

C. Payment of any medical expenses.

D. Reasonable attorney fees and all costs of this Court.

E. Such other general and special relief as appears reasonable and just in this cause.

Respectfully submitted,
William L. Bambach

BY: _William L. Bambach_

Willliam L. Bambach
Attorney at Law

William L. Bambach
Attorney at Law
P. O. Box 1313
Columbus, MS 39703
MS Bar No. 1730
663 328 6806